Tompkins, J.,
dissenting.
The statement of the case being made by the majority of the Court, I will pass it over to the only point on which I differ materially from them, viz: that evidence may be given in an action for a breach of contract of marriage, of seduction, and *229 getting the plaintiff with child. It is admitted by the counsel for the defendant in error, that the authorities upon the subject of the admission of such evidence differ; against such admission he cites Buck v. Shain, 2 Bibb, 341, and very correctly shows that the case is not in point.
In favor of the admission he cites Johnston v. Caulkins, 1 Johnson’s Cases in Error, 116; Paul v. Frazier, 3 Massachusetts Reports, p. 73; Boynton v. Kellogg, ibidem, p. 188; and Conn v. Wilson, 2 Overton’s Ten. Rep. p. 233. In the case of Johnston v. Caulkins, the only questions decided by the Court were, whether in an action for breach of contract of marriage, the defendant was allowed to give in evidence in mitigation of damages the licentious conduct of the plaintiff, without any limitation as to the time he made the promise to her, or to the period of the proposed marriage, and that in such a case it is not necessary for the female plaintiff to prove a previous offer to marry the defendant. The case of Boynton v. Kellogg, was for a breach of promise of marriage and seduction. In the Judge’s report of this case, it does not appear that any evidence was offered of seduction, and the point decided in this case is, that in an action for a breach of promise of marriage and for seduction, the defendant shall not give in evidence the general bad character of the plaintiff, between the promise and the breach, in mitigation of damages. So far as the counsel for the defendant neglected to demur to this declaration, it may be admitted to be of some authority; and we are left to one of these conjectures, either that the defendant’s counsel did not read the declaration, or that if he did read it he might know the plaintiff could give no evidence of the seduction, and therefore did not care to take, the trouble of writing a demurrer, or he might think that the Court would sustain the declaration.
But in the opinion of the Judges, as delivered in the report, there is no allusion to the charge of seduction laid in the declaration. The case of Paul v. Frazier, 3 Mass. Rep. 73, is also an action for a single woman against one for seducing and getting her with child, under a pretence of a design to marry her. In this case Chief Justice Parsons arrested the plaintiff’s judgment, declaring that the action could not be maintained. For he says she is a partaker of the crime, and cannot come into Court to obtain satisfaction for a supposed injury to which she was consenting. Here this case properly ended, the Chief Justice having decided the point submitted to him; but he thought proper to proceed and say, “it has been regretted at the bar that the law has not provided a remedy for an unfortunate female against her seducer. Those who are competent to legislate will consider before they provide this remedy, whether seductions will afterwards be less frequent, or whether artful women may not pretend to be seduced in order to obtain pecuniary compensation.”' So. far the Judge thinks it a subject too delicate and dangerous for oven a Legislature to meddle with. But then he proceeds : “ As the law now stands, damages are recoverable for a breach of promise of marriage; and if seduction has been practiced under color of that promise, the jury will undoubtedly consider it as an aggravation of damages.”
Thus the. relief which it would be dangerous in his opinion for the Legislature of Massachusetts to extend to seduced females, Mr. Chief Justice Parsons supposes a jury would undoubtedly extend by considering the seduction in aggravation of damages in an action for a breach of promise of marriage.
Now it is apparent that this dictum of the Judge, so much at war with his decision in the cause, and with all his other declarations therein, is the only prop of the argument of appellee’s counsel. For the case of Conn v. Wilson, 2 Overton’s *230 Tennessee Rep., is decided on the authority of this dictum of Chief Justice Parsons. I was about to add something about the action of assumpsit not lying when the consideration was illegal or contrary to the policy of the law, and to say that Courts could not consistently permit a plaintiff to give in evidence, to aggravate damages, an illegal consideration, or one contrary to the policy of the law, when an action on a consideration of such a character would not be entertained. For if it would lead to evil consequences to entertain actions where the consideration of the agreement is illegal or contrary to the policy of the law, most indubitably the consequences would be equally pernicious when a plaintiff is allowed to receive, by war of aggravation of damages, a consideration which is equally illegal and contrary to the policy of the law; but I will stop and not produce a single authority from any of the numberless elementary books on this subject. Nothing I could find in them would be more forcible than what Chief Justice Parsons himself says, when he speaks of the danger of a legislative provision in favor of seduced females. But I cannot repress the expression of my astonishment, that it should ever enter the head ‘of so wise a man to trust to a jury the application of a remedy which he thought a legislative body could not safely provide. I will close by observing that the father or friend with whom the seduced female lives, can recover damages for the seduction, and that it is a rule of Courts not to grant new trials in such cases, because damages are exorbitant ; but the liability of the defendant to have double damages to pay, I regard as nothing compared with the immoral tendency of the practice of giving seduction in evidence, in aggravation of damages, in an action for a breach of marriage contract. In my opinion the judgment of ihe Circuit Court ought to be reversed.